| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | C. D. Michel - SBN 144258<br>Joshua Robert Dale - SBN 209942<br>**MICHEL & ASSOCIATES, P.C.**<br>180 East Ocean Blvd., Suite 200<br>Long Beach, CA 90802<br>Telephone: (562) 216-4444<br>Fax: (562) 216-4445<br>cmichel@michellawyers.com |
| 6 | Attorneys for Defendant |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR, an individual, pro se, and on behalf of his minor child A.L.<br><br>Plaintiffs,<br><br>vs.<br><br>THE NATIONAL RIFLE ASSOCIATION OF AMERICA<br><br>Defendants. | CASE NO. 17-cv-00203-MMA-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br><br>Date:       March 27, 2017<br>Time:       2:30 p.m.<br>Courtroom: 3A |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff James Linlor's Complaint should be dismissed for one simple reason: Plaintiff's Complaint fails to allege sufficient facts to support a legal claim against defendant National Rifle Association of America ("the National Rifle Association").

This case involves a statutory claim for damages for misappropriation of one's name or likeness for advertising, selling, or soliciting purposes. Specifically, the National Rifle Association is alleged by Plainitff to have violated California's right to publicity statute, California Civil Code section 3344, for merely addressing and mailing membership renewal notices and other marketing material to Plaintiff and his daughter, A.L., former National Rifle Association members. These allegations do not support any claim upon which relief can be granted because using a person's full name on a mailing label that is placed on an advertisement and sending it through the mail is not a violation of California Civil Code section 3344, California's Right of Publicity Law. Accordingly, the National Rifle Association's Rule 12(b)(6) Motion should be granted.

## II. STATEMENT OF FACTS AS ALLEGED IN COMPLAINT

On June 1, 2016, Plaintiff began to receive membership renewal notices and other marketing material from the National Rifle Association. Complaint ¶ 4. Some of the advertising materials were addressed specifically to A.L., while others were addressed to Plaintiff. Compl. ¶ 4. Plaintiff never requested by written agreement that he or A.L. be contacted by the National Rifle Association. Compl. ¶ 5.

After receiving several marketing letters, Plaintiff contacted the National Rifle Association to request that he and his daughter name's be removed from further marketing. Compl. ¶ 6. Although National Rifle Association was within its rights under the First Amendment and under state and federal law to continue to send membership correspondence and marketing solicitations via mail to its

member (A.L.) and former member (James Linlor), the National Rifle Association nonetheless agreed to address Plaintiff's complaints and attempted to remedy the matter. Compl. ¶ 6.

Two months later, Plaintiff received two more marketing letters that were addressed to A.L. Compl. ¶ 7. In total, Plaintiff had received six letters. Compl. ¶ 7. Based solely on receiving these unsolicited mails, Plaintiff brought this action. Compl. ¶ 6.

Nowhere in the Complaint does it allege that the National Rifle Association ever used Plaintiff or A.L.'s likeness or name to endorse the National Rifle Association in the marketing materials that Plaintiff and A.L. received. Plaintiff's failure to allege this, and inability to allege this, is fatal to the lawsuit.

## III. ARGUMENT

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTS ALLEGED UNDER A COGNIZABLE LEGAL THEORY

A defendant is entitled to dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) where (1) the plaintiff has failed to state a cognizable legal theory, or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). In evaluating a Rule 12(b)(6) motion, the court accepts as true all material facts alleged in the complaint and interprets them in the light most favorable to the non-moving party. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). The court, however, does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his' entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

Aside from alleging in a conclusory manner satisfaction of the basic elements California Civil Code section 3344, Plaintiff's complaint here fails to allege sufficient facts to provide the grounds for a violation of California Civil Code section 3344. This is because there is no actionable allegation that the National Rifle Association used or misappropriated Plaintiff or A.L.'s name or likeness to promote a product or service. California Civil Code section 3344 provides that:

> Any person who knowingly uses another's name . . . in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or in the case of a minor, the parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

CAL. CIVIL CODE § 3344(a).

In order to establish a claim under California Penal Code section 3344, the plaintiff must show that: (1) the defendant knowingly used the plaintiff's name or likeness; (2) that the defendant appropriated the plaintiff's name or likeness to their advantage, commercial or otherwise; (3) that the defendant lacked the plaintiff's consent; and (4) that plaintiff was injured by the misappropriation. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *Local TV, LLC v. Super. Ct.,* 3 Cal. App. 5th 1, 8 (Cal. Ct. App. 2016).

Here, Plaintiff asserts that the National Rifle Association violated California Civil Code section 3344 when it affixed his and his daughter's name to a mailing label on mailed advertisements. Compl. ¶ 9. But these acts do not amount to a violation of California Civil Code section 3344.

Aside from the broad assertion that the National Rifle Association used

Plaintiff and his daughter's name for the "clearly advantageous goal that the Plaintiff" should open the letter, Compl. ¶ 10, Plaintiff's complaint is completely devoid of any facts that suggest that the names were misappropriated in the manner required under the statute.  Indeed, the National Rifle Association did not use the names to endorse a product or solicit a purchase. Instead, the National Rifle Association simply affixed Plaintiff and his daughter's name onto a mailing label in order to ensure that the membership renewal notices, and other marketing materials, reached their intended recipient through the U.S. mails.

      Plaintiff's broad reading of the statute to prohibit affixing a recipient's name to an advertisement is without any support in either the text of the statute or the statute's treatment under state and federal case law.  No state or federal court has ever held that affixing a person's name to a mailing label on an advertisement, preparing target marketing letters to a recipient, or placing an addressee's name on a mailing list violates Section 3344. Section 3344 was intended and enacted to prevent use of individual's names and pictures to promote products without their permission, not to burden the mailing of advertisements to addressees through the U.S. mails. *See, e.g.*, *Yeager v. Cingular Wireless LLC*, 673 F.Supp.2d 1089, 1100 (E.D.Cal. 2009).  Generally, "a plaintiff's name is not appropriated by mere mention of it." *Id.*, quoting Restatement (Second) of Torts § 652C, comment d. "A claim is also not actionable when a plaintiff's likeness is appropriated because it is published for purposes **other than taking advantage of his reputation, prestige, or other value associated with him**." *Ibid.* (emphasis added) (quotation omitted).

      Merely placing Plaintiff's or A.L.'s name on a mailed advertisement in order for it to be received by one of them is not an attempt to take advantage of Plaintiff or A.L.'s "reputation, prestige, or other value associated with [them]." *Id.*  And there's good reason such a broad interpretation of Section 3344 as Plaintiff has alleged is not accepted as a valid one: such an interpretation would be a patent violation of the First Amendment protections for commercial speech.

**B. INTERPRETING CALIFORNIA PENAL CODE SECTION 3334 IN THE MANNER URGED BY PLAINTIFF WOULD RENDER THE STATUTE VIOLATIVE OF THE FIRST AMENDMENT AND STATE LAW FREE SPEECH PROTECTIONS**

The factual premise of Plaintiff's Complaint is one at odds with long-established constitutional protections for commercial speech, protections afforded for what even Plaintiff might consider to be "junk mail." Compl. ¶ 13. Prohibiting advertisers, including non-profit corporations such as the National Rifle Association, from addressing and sending membership renewal solicitations or other marketing materials to individuals would violate the First Amendment.[1]

California's own interpretation of First Amendment protections for commercial speech affirm that sending unsolicited written materials to individuals is generally protected under the First Amendment. In *Van Nuys Public Company v. City of Thousand Oaks*, the California Supreme Court held that a city's anti-littering ordinance preventing individuals from "'distributing,' 'passing out,' 'giving away,' or 'delivering'" any written material without a property owner's prior consent violated state and federal free speech protections because the ordinance had a "devastating effect on First Amendment rights." 5 Cal.3d 817, 822, 828 (Cal. Ct. App. 1971) ("*Thousand Oaks*"). As the Court explained, "[t]he right to 'distribute,' 'pass out,' 'circulate,' or otherwise disseminate ideas and written

---

[1] Arguably, membership renewal solicitations, which seek financial support by members for the National Rifle Association's charitable and political speech activities, would be subject to even greater protection under the First Amendment as non-commercial speech. *See, e.g., Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 632 (1980) Because, however, the commercial speech protections afforded under the First Amendment and California law protect the National Rifle Association's mailing and marketing activities as alleged in the Complaint, and because Section 3344 does not purport to restrict those activities in the manner Plaintiff ascribes to the statute, it is unnecessary for purposes of granting this motion to analyze the differences in protections between the commercial speech and non-commercial speech that the National Rifle Association was alleged to have engaged in here.

materials has, of course, long been recognized to constitute an integral part of the right of free speech. 'The right of free speech necessarily embodies the means used for its dissemination because the right is worthless in the absence of a meaningful method of its expression . . . .'" *Thousand Oaks*, 5 Cal.3d at 821; *see also, e.g., Martin v. City of Struthers*, 319 U.S. 141, 143 (1943) ("[T]his freedom [of speech and press] embraces *the right to distribute literature . . . .*"); *Lovell v. City of Griffith*, 303 U.S. 444, 452 (1937) ("'[L]iberty of circulating is as essential to . . . freedom [of speech and press] as liberty of publishing; indeed, without the circulation, the publication would be of little value.'"). *See also Klein v. City of San Clemente*, 584 F.3d 1196, 1205-06 (9th Cir. 2009) (city anti-littering ordinance that prohibited leaf-letting of cars violated state and federal constitutions for speech protections) (citing *Thousand Oaks, supra*, at 783-84).

Had the California Legislature intended Section 3344 to prohibit merely affixing Plaintiff's name to a mailed solicitation or advertisement intended to be received by Plaintiff, such a prohibition would be squarely at odds with state and federal speech protections as recognized in *Thousand Oaks*. The statute would have been long-since stricken as a result of the purported conflict.

The Legislature did not so intend to restrict commercial speech or stop unsolicited receipt of mail with the enactment of Section 3344. From its face, the statute is designed to prevent misappropriation of name and likeness to endorse products and services. Had the National Rifle Association used Plaintiff's or A.L.'s name or picture in an advertising campaign mailed to third-parties to promote the National Rifle Association's cause or its services, Plaintiff could potentially allege a cognizable claim under Section 3344. But that is not what happened and is not what is being alleged.

Plaintiff, pro se, is using a broad misconstruction of the statute to attempt to curtail the National Rifle Association's membership solicitation and marketing of services through the mails. Section 3344 does not prohibit the National Rifle

Association's activities, and as such, Plaintiff cannot allege a cognizable claim, even if he was given the opportunity to amend his complaint to do so. Any further attempt to allege that Section 3344 prohibited mailing of advertisements to Plaintiff or his daughter would inevitably fail because any such interpretation would render the statute constitutionally infirm.

Although Plaintiff seems motivated to creatively use the state's right of publicity statute to attempt to sanction the National Rifle Association for whatever burden Plaintiff believes he and his daughter suffered from receiving unsolicited membership renewal notices, the law does not and cannot support his efforts. The National Rifle Association's Rule 12(b)(6) motion should therefore be granted.

### IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its Rule 12(b)(6) Motion to Dismiss with prejudice.

Date: February 9, 2017

**MICHEL & ASSOCIATES, P.C.**

/s/ C.D. Michel
C.D. Michel
E-mail:cmichel@michellawyers.com
Attorneys for Defendant

# **PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

     I, Christina Castron, am employed in the City of Long Beach, Los Angeles County, California. I am over the age eighteen (18) years and am not a party to the within action. My business address is 180 East Ocean Blvd., Suite 200, Long Beach, California 90802.

     On February 9, 2017, I served the foregoing document(s) described as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**

on the interested parties in this action by placing
[ ] the original
[X] a true and correct copy
thereof enclosed in sealed envelope(s) addressed as follows:

James Linlor                             In Pro Per
P.O. Box 231593
Encinitas, CA 92023

_X_    (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing an affidavit.
Executed on February 9, 2017, at Long Beach, California.

___    (PERSONAL SERVICE) I caused such envelope to delivered by hand to the offices of the addressee.
Executed on February 9, 2017, at Long Beach, California.

___    (OVERNIGHT MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery by UPS/FED-EX. Under the practice it would be deposited with a facility regularly maintained by UPS/FED-EX for receipt on the same day in the ordinary course of business. Such envelope was sealed and placed for collection and delivery by UPS/FED-EX with delivery fees paid or provided for in accordance.
Executed on February 9, 2017, at Long Beach, California.

___    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1  X   (FEDERAL)   I declare that I am employed in the office of the member of the
       bar of this court at whose direction the service was made.

                                          *Christina Castron*
                                          CHRISTINA CASTRON