**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LINLOR, an individual, and on behalf of his minor child A.L.,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>THE NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv203-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 13] |

　　　　Plaintiff James Linlor ("Plaintiff"), proceeding *pro se*, filed the instant action against Defendant the National Rifle Association of America ("Defendant") in San Diego County Superior Court on December 28, 2016. *See* Doc. No. 1; Exh. A. Plaintiff alleges Defendant violated California Civil Code Section 3344 by addressing and mailing membership renewal notices and other marketing material to Plaintiff and his minor child. *See id.* Defendant removed the action to this Court on February 2, 2017. *See id.* On March 31, 2017, Plaintiff filed the pending *ex parte* motion for a temporary and permanent restraining order ("TRO") against Defense counsel for alleged criminal harassment and stalking of Plaintiff's minor child, pursuant to California Penal Code Sections 646.91 and 646.91a. *See* Doc. No. 13. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## LEGAL STANDARD

In federal court, a temporary restraining order ("TRO") may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never granted as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, this Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording *pro se* plaintiffs any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

/ / /

/ / /

## DISCUSSION

Plaintiff seeks a "temporary and permanent restraining order" preventing Defense counsel from contacting or attempting to communicate with Plaintiff's minor child. *See* Doc. No. 13 at 3. The Court denies Plaintiff's request for a TRO for two reasons. First, a request for a TRO based upon California Penal Code Sections 646.91 and 646.91a is properly heard in state court—not in federal court. Section 646.91 expressly provides that "[a]n emergency protective order shall include . . . (3) The address of the ***superior court*** for the district or county in which the protected party resides." Cal. Penal Code § 646.91(c)(3) (emphasis added). Moreover, Section 646.91 states that if the protected person wishes "to seek continuing protection," the protected person "will have to apply for an order from the court at the address noted [in 646.91(c)(3)]." Cal. Penal Code § 646.91(c)(4)(A). Further, Plaintiff concedes that this Court is not the proper forum for pursuing relief under California's criminal code. *See* Doc. No. 13 at 2 ("Plaintiff intends to swear out a criminal complaint . . . with San Diego County law enforcement for violations of CPC 646.91 and 646.91A upon Plaintiff's return to California from his home state of Nevada."). As such, Plaintiff's request for a TRO on this basis is inappropriate in federal court.

Second, based on a thorough reading of Plaintiff's motion, Plaintiff has not shown a likelihood of success on the merits of his claim or raised serious questions going to the merits. *See Winter*, 555 U.S. at 20. In fact, Plaintiff makes no arguments in his application regarding his probability of success on the merits of his claim under California Civil Code Section 3344. An injunction is a remedy, not a cause of action itself. Thus, injunctive relief is only available upon a finding of liability, or in the case of temporary injunctive relief, a showing of a likelihood of success on a claim. *See* 19 Fed. Proc., L. Ed. § 47:1; *Wells Fargo Bank, N.A. v. Barber*, 85 F. Supp. 3d 1308, 1313 (M.D. Fla. 2015). Even construing Plaintiff's motion broadly, Plaintiff fails to establish a likelihood of success on the merits of his § 3344 claim.

///

## CONCLUSION

The pending TRO does not establish that Plaintiff is entitled to injunctive relief. Accordingly, the Court **DENIES** Plaintiff's *ex parte* motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: April 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge