# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR, an individual,<br><br>Plaintiff,<br>v.<br>THE NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Defendant. | Case No.: 17cv203-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND;**<br><br>[Doc. No. 5]<br><br>**GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>[Doc. No. 3]<br><br>**AND DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 11] |

Plaintiff James Linlor ("Plaintiff"), proceeding *pro se*, filed the instant action against Defendant the National Rifle Association of America ("NRA" or "Defendant") in San Diego County Superior Court. *See* Doc. No. 1. In his First Amended Complaint ("FAC"), Plaintiff alleges Defendant violated California Civil Code Section 3344 by addressing and mailing membership renewal notices and other marketing material to

Plaintiff. *See* Doc. No. 1-2 at 8[1] (hereinafter "FAC").[2]  Defendant removed the action to this Court on February 2, 2017.  *See id.*

On February 9, 2017, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Doc. No. 3.  On February 14, 2017, Plaintiff filed a motion to remand this action back to state court and requested the Court sanction Defendant pursuant to Federal Rule of Civil Procedure 11.  Doc. No. 5.  Defendant filed a reply brief in support of its motion to dismiss, despite the fact that Plaintiff did not file an opposition to such motion.  *See* Doc. No. 9.  On March 24, 2017, Plaintiff filed a "Declaration of Non-Service" claiming Defendant did not serve Plaintiff with a copy of Defendant's motion to dismiss.  *See* Doc. No. 12.  Finally, on March 27, 2017, Defendant filed a motion for sanctions under Federal Rule of Civil Procedure 11.  Doc. No. 11.  Plaintiff did not file an opposition to Defendant's motion for sanctions.  The Court found these matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. Nos. 10, 15.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand, **GRANTS** Defendant's motion to dismiss, and **DENIES** Defendant's motion for sanctions.

///

///

---

[1] The Court refers to the CM/ECF pagination when citing to this document.

[2] The Court notes there is some confusion about whether Mr. Linlor's daughter is a party to this action. On December 28, 2016, Plaintiff filed a Complaint on behalf of himself, and on behalf of his minor daughter. *See* Doc. No. 1-2 at 2. In his FAC, Plaintiff removed his minor daughter's name from the caption and explicitly indicated that he "remov[ed] the second Plaintiff" from the action. *Id.* Parties not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. CAL. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Accordingly, Mr. Linlor is the sole plaintiff in this action.

# BACKGROUND[3]

Plaintiff James Linlor is an individual residing in the County of San Diego. The NRA is a foreign corporation chartered in New York, with its principal place of business in Fairfax, Virginia. *See* Doc. No. 8-2 (hereinafter "Frazer Decl.") ¶¶ 3-4.

In July 2016, Plaintiff began receiving membership renewal notices and other marketing material from the NRA in the mail. Plaintiff never requested the NRA contact him. After receiving several marketing letters, Plaintiff contacted the NRA by telephone to request that he be removed from the NRA's mailing list. The NRA agreed to cease sending Plaintiff marketing material. Within the following two months, Plaintiff received at least two additional marketing letters from the NRA. In total, Plaintiff received six letters.

Plaintiff alleges one cause of action for commercial misappropriation under California Civil Code Section 3344. Plaintiff contends the NRA sent marketing material "knowing that it lacked consent to advertise" to Plaintiff, and that in sending Plaintiff such letters, the NRA hoped Plaintiff would "open a membership or credit card offer." FAC at 12. Thus, Plaintiff claims the NRA sent Plaintiff marketing material on six occasions with Plaintiff's full name via mail "in violation of California Civil Code Section 3344." FAC at 11.

# PLAINTIFF'S MOTION TO REMAND

As an initial matter, Plaintiff moves to remand this action to state court, arguing that the parties are not diverse. Defendant opposes the motion.

## 1. *Legal Standard*

Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. The

---

[3] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). All facts are taken from the FAC (Doc. No. 1-2 at 8) unless otherwise noted.

statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). As the removing party, the defendant bears the burden of establishing that the court has subject matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

When a state case is removed to federal court based on diversity jurisdiction, "an amount-in-controversy requirement must be met," in addition to the diversity of citizenship requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). Diversity of citizenship requires that the parties be "citizens of different states," and the amount in controversy meet or exceed $75,000. 28 U.S.C §§ 1332(a), 1446(a). Moreover, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "is best read as referring to the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

A defendant must comply with certain procedural requirements when removing an action, including timely filing the notice of removal within thirty days after the service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1). A renewed thirty-day removal period begins when a defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id*. § 1446(b)(3). Although "the statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," it "is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

*2. Analysis*

Here, the Court finds that complete diversity exists between the parties. In his FAC, Plaintiff claims he "is a natural person residing in the County of San Diego, State

of California." Doc. No. 1-2 at 9. In his motion to remand, however, Plaintiff asserts he is a citizen of Nevada. *See* Doc. No. 5 at 3 ("However, pro se Plaintiff's primary residence is located in Nevada, where Plaintiff is a citizen."). Defendant is a foreign corporation chartered in New York, with its principal place of business in Fairfax, Virginia. Frazer Decl. ¶¶ 3-4. Plaintiff contends the parties are not diverse because "Defendant has many business contacts in California, dispelling Defendant's assertion of diversity of jurisdiction." Doc. No. 5 at 2. However, Defendant's board of directors meet, direct, control and coordinate Defendant's activities in Virginia, and the board has never met for a directors' meeting in California, nor has the board made major business decisions in California. Frazer Decl. ¶ 3. Accordingly, regardless of whether Plaintiff is a citizen of California or Nevada, complete diversity exists between the parties because the parties are citizens of different states.

Further, the Court finds the amount in controversy requirement is satisfied. Plaintiff's FAC alleges $200,000 in punitive damages and $4,500 in statutory damages. *See* Doc. No. 1-2 at 13. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (articulating that punitive damages may be considered in determining the amount in controversy in a civil action).

Finally, Plaintiff claims Defendant "suddenly filed for removal to Federal Court in San Diego." Doc. No. 5 at 3. The Court notes that Plaintiff filed his FAC in state court on January 4, 2017, and Defendant filed its notice of removal on February 2, 2017. *See* Doc. No. 1. Thus, to the extent Plaintiff raises an argument about the timeliness of Defendant's removal, Defendant timely removed this action within the thirty (30) day removal period set forth in the statute. *See* 28 U.S.C. § 1446(b)(3).

In sum, because the parties are diverse, and the amount in controversy exceeds $75,000, diversity jurisdiction exists in this case. Accordingly, the Court **DENIES** Plaintiff's motion to remand.

///

///

## DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 3. Before considering the substance of Defendant's motion, the Court addresses Plaintiff's declaration of non-service and Plaintiff's failure to oppose Defendant's motion to dismiss.

**A.     Plaintiff's Declaration of Non-Service**

As an initial matter, Plaintiff filed a declaration of non-service claiming Defendant did not serve Plaintiff with its motion to dismiss. *See* Doc. No. 12. Federal Rule of Civil Procedure 5(b) provides that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(c). Rule 5(d) further requires the serving party to file a certificate of service with the Court. *See* Fed. R. Civ. P. 5(d).

Here, service is presumed because Defendant filed a "Proof of Service" with the Court indicating that Defendant's motion to dismiss was mailed to Plaintiff's address on February 9, 2017—the same day Defendant electronically filed the motion with the Court. *See* Doc. No. 3 at 3. Thus, because Defendant adhered to the requirements set forth by Federal Rule of Civil Procedure 5, the Court finds service was properly effected.

**B.     Plaintiff's Failure to Oppose**

To date, Plaintiff has not filed an opposition to Defendant's motion to dismiss. Accordingly, the Court considers Defendant's motion to dismiss to be unopposed. Defendant filed a reply brief arguing that because Plaintiff does not oppose the motion to dismiss, Defendant is entitled to attorneys' fees and costs as a "prevailing party." *See* Doc. No. 9.

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that

failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Here, the Court declines to grant Defendant's motion on the basis of Plaintiff's failure to oppose. Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). As such, the Court proceeds to address the substance of Defendant's motion to dismiss.

**C.     Plaintiff Fails to State a Claim Under Rule 12(b)(6)**

Defendant argues the Court should dismiss Plaintiff's FAC with prejudice because Plaintiff fails to allege sufficient facts to support a legal claim against Defendant. Doc. No. 3-1 at 2.

*1. Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to

defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording *pro se* plaintiffs any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 91, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

### 2. *Analysis*

Plaintiff alleges a statutory cause of action for commercial misappropriation. Plaintiff contends that "[w]ithout prior consent, Defendant six times sent marketing material with the Plaintiff's . . . full name through the US Mail, in violation of California Civil Code 3344." Complaint ¶ 9. Defendant argues Plaintiff's Complaint "is completely devoid of any facts that suggest that the names were misappropriated in the manner required under the statute." Doc. No. 3-1 at 5.

"California has long recognized a common law right of privacy for the protection of a person's name and likeness against appropriation by others for their advantage."

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "California law provides two vehicles for asserting such a right: a common law cause of action for commercial misappropriation, and a statutory remedy for commercial misappropriation under California Civil Code § 3344." *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 803 (N.D. Cal. 2011). The California common law cause of action has been complemented by the enactment of California Civil Code Section 3344. *Newcombe*, 157 F.3d at 691-92. Section 3344 "neither replaces nor codifies the common law cause of action." *Id.* at 692. To state a common law cause of action for commercial misappropriation, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Eastwood v. Superior Court of Los Angeles County*, 198 Cal. Rptr. 342, 347 (Cal. Ct. App. 1983). To state a statutory cause of action under Section 3344, "a plaintiff must prove all of the elements of the common law cause of action. In addition, the plaintiff must allege a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

California Civil Code Section 3344 provides in pertinent part:

> Any person who knowingly uses another's name . . . in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code § 3344(a).

Here, the Court finds that Plaintiff fails to state a claim for commercial misappropriation under California Civil Code § 3344. "The common form of invasion of privacy under the rule here stated is the appropriation and *use of the plaintiff's name or likeness to advertise the defendant's business or product*, or for some similar commercial purpose." Restatement (Second) of Torts § 652C, comment b (emphasis added). Even

construing Plaintiff's FAC broadly, Plaintiff does not allege that Defendant used Plaintiff's likeness or name to endorse the NRA. Instead, Plaintiff alleges that "[w]ithout prior consent, Defendant six times sent marketing material with the Plaintiff's . . . full name through the US Mail, in violation of California Civil Code 3344." Complaint ¶ 9. While Plaintiff alleges Defendant addressed advertising material to Plaintiff, Plaintiff does not allege any facts to support the notion that the NRA used Plaintiff's name to endorse a product or solicit a purchase.

Plaintiff asserts Defendant sent "mailers knowing that it lacked consent to advertise to . . . the pro se Plaintiff[.]" Complaint ¶ 10. Thus, Plaintiff asserts affixing his name to a mailing label constitutes statutory misappropriation. "Generally, 'a plaintiff's name is not appropriated by mere mention of it.'" *Yeager v. Cingular Wireless LLC*, 673 F. Supp. 2d 1089, 1110 (E.D. Cal. 2009) (citing Restatement (Second) of Torts § 652C, comment d). The Court is not aware of any case law supporting Plaintiff's contention that affixing a recipient's name to mailing label is a violation of Section 3344. Such a broad reading of the statute would effectively prohibit any company from sending advertising material in the mail. Accordingly, the Court finds Plaintiff has failed to allege any facts to support his claim that Defendant appropriated Plaintiff's name or likeness to advertise Defendant's business. Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss **with prejudice**.[4]

**3. Defendant's Request for Attorneys' Fees and Costs**

In its reply brief, Defendant requests the Court award Defendant $18,255.00 in attorneys' fees and $545.61 in costs as a "prevailing party" in this action pursuant to California Civil Code § 3344. Doc. No. 9. Because Defendant requested fees and costs

---

[4] Dismissal is with prejudice because any amendment to cure the deficiencies addressed herein would be futile. *See AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (noting that "a district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

in its reply brief, Plaintiff has not yet had an opportunity to respond to Defendant's request for fees and costs. Accordingly, the Court **DEFERS** ruling on Defendant's request for attorneys' fees and costs at this time.

## MOTION FOR SANCTIONS

### A. Defendant's Request for Judicial Notice

Defendant requests the Court take judicial notice of fifteen (15) documents Plaintiff filed in various lawsuits in support of its motion for sanctions. *See* Doc. No. 11-6. Defendant requests judicial notice of such documents primarily to identify Plaintiff's "repeated averments of his residency in San Diego County," despite the fact that Plaintiff claims to be a resident of Nevada in his motion to remand. *Id.* at 1. Plaintiff currently has three cases pending before the Undersigned. Thus, the Undersigned need not look beyond the pleadings filed in those cases to determine that Plaintiff's representations about his residency are inconsistent. Accordingly, the Court **DENIES AS MOOT** Defendant's request for judicial notice.

### B. Rule 11 Sanctions

Both parties request sanctions pursuant to Federal Rule of Civil Procedure 11. *See* Doc. Nos. 5, 11. The Court addresses each request in turn.

#### *1. Legal Standard*

Federal Rule of Civil Procedure 11 states, in pertinent part, that when an attorney or unrepresented party presents a signed paper to a court, that attorney or unrepresented party is certifying that to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so

> identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). Sanctions under Rule 11 are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing *Conn v. Borjorquez*, 967 F.3d 1418, 1420 (9th Cir. 1992); *Operating Engineers Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). A filing is "frivolous" when it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1992). Either improper purpose or frivolousness is sufficient to sustain a sanction. *Id.*

When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Warren*, 29 F.3d at 1389. A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987)) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). "Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Odish v. CACH, LLC*, 2012 WL 5382260, at *3 (S.D. Cal. Nov. 1, 2012). Where such a violation is found, Rule 11 provides that "the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added).

Although Rule 11 applies to *pro se* plaintiffs, courts are required to take into consideration a plaintiff's *pro se* status when it determines whether the conduct at issue was reasonable. *See Warren*, 29 F.3d at 1390. However, a court cannot decline to

impose sanctions where a violation of Rule 11 occurred "simply because [the] plaintiff is proceeding *pro se*." *Id.*; *see also Simpson v. Lear Elecs. Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1995).

### 2. *Plaintiff's Request for Sanctions*

In his motion to remand, Plaintiff claims defense counsel improperly removed the instant action to this Court "with the exact intention to harass, [and] cause undue delay . . . ." Doc. No. 5 at 4. Thus, Plaintiff requests the Court sanction defense counsel in the amount of $5,000 for counsel's "willful violation of FRCP 11(b)." *Id.*

As an initial matter, the Court notes that Plaintiff did not comply with the procedural requirements set forth in Rule 11 prior to filing his request for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made *separately* from any other motion . . . The motion . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected *within 21 days after service* . . . .") (emphasis added). Plaintiff did not file a separate motion for sanctions, but instead filed his request for sanctions together with his motion to remand. *See* Doc. No. 5. Further, Plaintiff presents no evidence that he complied with the 21-day safe harbor provision prior to filing his request for sanctions. As such, Plaintiff's request is procedurally defective. Even if the Court were to address the merits of Plaintiff's request for sanctions, however, Defendant properly removed the instant action to this Court for the reasons set forth above. Accordingly, the Court finds no violation of Rule 11(b) and **DENIES** Plaintiff's request for sanctions.

### 3. *Defendant's Motion for Sanctions*

Defendant contends sanctions under Rule 11 are warranted because (1) Plaintiff's Complaint is legally and factually baseless; (2) Plaintiff makes false representations to the Court in his motion to remand for an improper purpose; (3) Plaintiff did not have a reasonable basis for filing Rule 11 sanctions against Defendant; and (4) Plaintiff improperly disclosed settlement negotiations in his motion to remand. *See* Doc. No. 11.

Here, based on a liberal reading of Plaintiff's filings, the Court finds sanctions are

not warranted. Defendant contends Plaintiff's Complaint lacks a legal and factual basis. While Rule 11 applies to *pro se* plaintiffs, the Court "must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Warren*, 29 F.3d at 1390. Defendant does not dispute that it sent numerous advertisements to Plaintiff in the mail, despite Plaintiff's alleged request that Defendant remove Plaintiff from its mailing list. *See* Doc. No. 3-1 at 5 ("[T]he National Rifle Association simply affixed Plaintiff and his daughter's name onto a mailing label in order to ensure that the membership renewal notices, and other marketing materials, reached their intended recipient through the U.S. mails."). While the Court finds that Plaintiff cannot state a claim for relief under California Civil Code § 3344, the Court is not persuaded that Plaintiff lacked an objectively unreasonable basis in filing his Complaint. Defendant notes that "Plaintiff seems motivated to creatively use [California's] right of publicity statute" in an attempt to address the harm suffered from "receiving unsolicited membership renewal notices[.]" Doc. No. 3-1 at 8. Thus, the Court finds that Plaintiff's "creative" interpretation of Section 3344, while ultimately unsuccessful, does not amount to a violation of Rule 11. Further, this is not a case in which Plaintiff filed a complaint that he should have known was frivolous "in the face of previous dismissals involving the exact same parties under the same legal theories." *Warren*, 29 F.3d at 1390 (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)).

The Court similarly finds Plaintiff's motion to remand, which incorporates Plaintiff's request for sanctions, does not amount to a violation of Rule 11. The Court notes that Plaintiff initially claimed to be a resident of San Diego County in FAC, but later argued that he was a citizen of Nevada in his motion to remand. However, Plaintiff clarifies that his "primary residence is located in Nevada, where Plaintiff is a citizen," but he also "maintains a second residence in California near San Diego . . . ." Doc. No. 5 at 3. By giving Plaintiff the benefit of the doubt, the Court finds that Plaintiff did not intentionally misrepresent his state of citizenship for an improper purpose in this case. Likewise, the Court finds Plaintiff's references to settlement discussions in his motion to

remand do not rise to the level of Rule 11 violations. Finally, Plaintiff's request for sanctions is premised on Defendant's alleged improper removal. In construing Plaintiff's filings liberally, the Court finds that though ultimately unsuccessful, Plaintiff's request for sanctions did not lack an objectively unreasonable basis. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989) (noting that although *pro se* litigants are held to an objective standard of reasonableness under Rule 11, "what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same . . . .") (emphasis added). Accordingly, the Court **DENIES** Defendant's motion for sanctions.

## Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion to remand. The Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's FAC with prejudice. The Court **DENIES** Plaintiff's request for sanctions, and **DENIES** Defendant's motion for sanctions.

The Court **DEFERS** ruling on Defendant's request for attorneys' fees and costs to afford Plaintiff an opportunity to respond. Plaintiff's response, if any, must be filed on or before **May 17, 2017**.

**IT IS SO ORDERED.**

Dated: May 8, 2017

HON. MICHAEL M. ANELLO
United States District Judge