UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE NATIONAL RIFLE<br>ASSOCIATION OF AMERICA,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 17cv203-MMA (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CIVIL CODE § 3344** |

Plaintiff James Linlor ("Plaintiff"), proceeding *pro se*, filed the instant action against Defendant the National Rifle Association of America ("NRA" or "Defendant") alleging Defendant violated California Civil Code Section 3344 by addressing and mailing membership renewal notices and other marketing material to Plaintiff and his minor child. *See* Doc. No. 1. On May 8, 2017, the Court dismissed Plaintiff's First Amended Complaint with prejudice. *See* Doc. No. 17. The Court deferred ruling on Defendant's request for attorneys' fees and costs to give Plaintiff an opportunity to respond. *See id.* On May 18, 2017[1], Plaintiff filed a response in opposition to

---

[1] The Court notes that Plaintiff filed his opposition to Defendant's request for attorneys' fees and costs one day after the applicable May 17, 2017 deadline. *See* Doc. No. 17 at 15. However, in the interests of justice, and in light of Plaintiff's status as a *pro se* litigant, the Court deems Plaintiff's

Defendant's request for attorneys' fees and costs. *See* Doc. No. 20. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's request for attorneys' fees and costs.

### DISCUSSION

In diversity cases, as is the case here, "the availability of attorney's fees is governed by state law." *Bonner v. Fuji Photo Film*, 2008 WL 410260, at *2 (N.D. Cal. Feb. 12, 2008). California Civil Code Section 3344 provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." Cal. Civ. Code § 3344(a) (emphasis added). Thus, attorney's fees and costs are mandatory under Section 3344. *See Kirby v. Sega of Am., Inc.*, 50 Cal. Rptr. 607, 618 (Cal. Ct. App. 2006) ("The mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity."). Defendant requests $18,255.00 in attorneys' fees and $545.61 in costs. *See* Doc. No. 9 at 2. Plaintiff opposes Defendant's request for fees and costs asserting that Defendant "actively worked to increase [its] alleged costs," and that as a result, "[Defendant] should bear the costs of [its] own decisions, which Plaintiff dutifully attempted to avoid and/or mitigate." Doc. No. 20 at 3. Plaintiff requests the Court deny Defendant's request for attorneys' fees and costs "and to permit the parties to leave each other alone going forward." *Id.*

California courts utilize the lodestar method to calculate an award of attorneys' fees. *Ketchum v. Moses*, 17 P.3d 735, 742 (Cal. 2001). The Court calculates the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work. *See id.* at 741. The Court may then adjust the lodestar figure in light of a number of relevant factors specific to the case. *See Serrano v. Priest*, 569 P.2d 1303, 1316-17 (Cal. 1977).

---

response as timely. *See Minor v. FedEx Office & Print Servs., Inc.*, 205 F. Supp. 3d 1081, 1086 (N.D. Cal. 2016) (declining to strike the pro se plaintiff's opposition as untimely noting that the plaintiff is "representing himself pro se, which entitles him to a certain degree of leniency[.]").

1    Defendant's submissions are insufficient to support an award of attorneys' fees.
2 First, defense counsel does not support their request for attorneys' fees with
3 contemporaneous billing records. *See J & J Sports Prods., Inc. v. Napuri*, 2013 WL
4 4428573, at *2 (N.D. Cal. Aug. 15, 2013) ("Absent the submission of detailed
5 contemporaneous time records justifying the hours claimed to have been expended on
6 this case, the Court gives little weight to the figures provided by Plaintiff."); *see also*
7 *Zynga Game Network, Inc. v. Erkan*, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010)
8 (denying motion for attorney's fees where the plaintiff failed to attach "actual billing
9 records."). Second, defense counsel does not demonstrate that the hourly rates requested
10 are reasonable vis-à-vis the rates charged in "the forum in which the district court sits."
11 *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013). Defendant
12 provides only the unsupported declarations of attorneys Mr. Michel and Mr. Dale in
13 support of its request for fees. However, "the fee applicant bears the burden of
14 establishing entitlement to an award and documenting the appropriate hours expended
15 and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Finally, Defendant
16 does not submit any evidence of hourly rate determination in other similar cases in the
17 Southern District of California setting the rate for the three attorneys seeking fees in this
18 case. As such, Defendant has not met its burden and is therefore not entitled to an award
19 of attorneys' fees.
20    With respect to costs, Defendant requests $545.61, consisting of service of process,
21 legal research, postage and delivery, and filing fees, in addition to fees incurred for
22 making copies of public records. *See* Doc. No. 9-2, Exh. A. "Under California law,
23 where a statute such as § 3344 authorizes an award of costs but is silent as to which costs
24 are to be awarded, the Court must look to Code of Civil Procedure § 1033.5, which sets
25 forth those costs that may or may not be recovered in a civil action." *Bonner*, 2008 WL
26 410260, at *7. Section 1033.5 provides for recovery of certain costs, including filing
27 fees, expenses associated with travel for depositions, service of process, and photocopies
28 of exhibits that "were reasonably helpful to aid the trier of fact." Cal. Code Civ. P.

1033.5(a). Section 1033.5, however, precludes recovery of other expenses including postage, telephone, and photocopying charges for non-exhibits. Cal. Code Civ. P. 1033.5(b). The Court declines to award Defendant costs for postage and copying fees, as both charges are for non-exhibits. Further, the Court declines to award Defendant costs for legal research, as legal research is not mentioned in § 1033.5. *See* Cal. Code Civ. P. 1033.5(c)(4) ("Items not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion."). Accordingly, the Court will award Defendant costs in the amount of $493.90, representing Defendant's service of process and filing costs.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's request for attorneys' fees and costs. The Court awards Defendant $493.90 in costs.

**IT IS SO ORDERED.**

Dated: May 25, 2017

HON. MICHAEL M. ANELLO
United States District Judge