1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 JAMES LINLOR, an individual,                    Case No.:  17cv203-MMA (JMA)

12                                      Plaintiff,    **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

13 v.

14 THE NATIONAL RIFLE ASSOCIATION OF AMERICA,    [Doc. No. 28]

15

16                                    Defendant.

17

18

19        Plaintiff James Linlor ("Plaintiff"), proceeding *pro se*, filed the instant action

20 against Defendant the National Rifle Association of America ("Defendant") alleging

21 Defendant violated California Civil Code Section 3344 by addressing and mailing

22 membership renewal notices and other marketing material to Plaintiff and his minor

23 child. *See* Doc. No. 1.  On May 8, 2017, the Court dismissed Plaintiff's First Amended

24 Complaint ("FAC") with prejudice. *See* Doc. No. 17.  Defendant requested attorneys'

25 fees and costs, which the Court granted in part, awarding Defendant $493.90 in costs.

26 *See* Doc. No. 22.  Defendant now moves for reconsideration, seeking an award of

27 attorneys' fees. *See* Doc. No. 28.  Plaintiff filed an opposition to Defendant's motion, to

28 which Defendant replied. *See* Doc. Nos. 30, 31.  For the reasons set forth below, the

Court **DENIES** Defendant's motion.

### DISCUSSION

Plaintiff brought this action alleging one cause of action for commercial misappropriation under California Civil Code Section 3344. Section 3344 prohibits a person from knowingly using another's name in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling products, merchandise, goods or services, without such person's prior consent. Cal. Civ. Code § 3344(a). The Court dismissed Plaintiff's FAC with prejudice, and Defendant requested attorneys' fees in the amount of $18,255.00 and costs in the amount of $545.61. *See* Doc. No. 9. However, Defendant did not provide sufficient support for its attorneys' fees request. As such, the Court only awarded $493.90 in costs, representing Defendant's service of process and filing costs which are recoverable under California Code of Civil Procedure § 1033.5. *See* Doc. No. 22 at 4.

Defendant moves for reconsideration, requesting the Court reconsider the portion of the Court's May 26, 2017 Order denying attorneys' fees in the amount of $18,255.00. *See* Doc. No. 28-1 at 2. Defendant argues the Court's "application of federal law to a state-law fee claim was clear error that resulted in manifest injustice, barring Defendant's award of mandatory attorneys' fees under Civil Code section 3344." *Id.*

### 1. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a judgment by motion. Fed. R. Civ. P. 59(e). A motion to reconsider a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) is an extraordinary remedy and, in the interest of finality and conservation of judicial resources, should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have

been raised prior to entry of the judgment.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court.  *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## 2. Analysis

As an initial matter, the Court considered and applied California law in ruling on Defendant's request for attorneys' fees in its May 26, 2017 Order.  *See* Doc. No. 22.  For example, the Court expressly stated that:

> [i]n diversity cases, as is the case here, "the availability of attorney's fees is governed by state law."  *Bonner v. Fuji Photo Film*, 2008 WL 410260, at *2 (N.D. Cal. Feb. 12, 2008).  California Civil Code Section 3344 provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs."  Cal. Civ. Code § 3344(a) (emphasis added).  Thus, attorney's fees and costs are mandatory under Section 3344.  *See Kirby v. Sega of Am., Inc.*, 50 Cal. Rptr. 607, 618 (Cal. Ct. App. 2006) ("The mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity.").

Doc. No. 22 at 2.  Additionally, the Court noted:

> California courts utilize the lodestar method to calculate an award of attorneys' fees.  *Ketchum v. Moses*, 17 P.3d 735, 742 (Cal. 2001).  The Court calculates the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work.  *See id.* at 741.  The Court may then adjust the lodestar figure in light of a number of relevant factors specific to the case.  *See Serrano v. Priest*, 569 P.2d 1303, 1316-17 (Cal. 1977).

*Id.*

In its Order, the Court cited to a sampling of federal cases by way of example in addressing the deficiencies in Defendant's fee application. *See id.* at 3. As the Supreme Court noted, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also De La Riva Const., Inc. v. Marcon Eng'g, Inc.*, 2014 WL 794807, at *4 (S.D. Cal. Feb. 27, 2014) (noting that under California law, the party seeking fees bears the burden of demonstrating that the amount requested is reasonable). Defendant failed to submit sufficient documentation to support its requested fee award under California and federal law. As such, Defendant fails to set forth a proper ground for reconsideration.

With respect to defense counsel's billing records, Defendant argues "it appears that the Court applied federal standards and gave little or no weight to Defendant's counsel's sworn statements about the number of hours they reasonably expended on this matter. This was clear error making reconsideration appropriate." Doc. No. 28-1 at 6. The Court, however, did not indicate that contemporaneous billing records are required in order to support a fee application. While attorneys need not necessarily submit contemporaneous time records under California law, attorneys must provide sufficiently detailed documentation of services renders and hours expended to ensure that trial courts are not "placed in the position of simply guessing at the actual value of the attorney[s'] services." *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (Cal. Ct. App. 1986). "[A] fee request ordinarily should be documented in great detail[.]" *Weber v. Langholz*, 46 Cal. Rptr. 2d 677, 683 (Cal. Ct. App. 1995); *see also Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001) ("[T]rial courts must carefully review attorney documentation of hours expended. . . ."). Although defense counsel did provide some information as to the number of hours expended on this case, the time entries are block-billed and vague. *See* Doc. Nos. 9-1, 9-2. While block billing is not "objectionable per se," block billing is "a risky choice since the burden of proving entitlement to fees rests on the moving party."

*Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (Cal. Ct. App. 2008).

Moreover, even if the Court were able to determine the number of hours reasonably expended, Defendant did not provide the Court with sufficient information to determine the hourly rate of each attorney who performed work on this case.

With respect to defense counsel's requested hourly rates, Defendant argues that "[u]nder California law, an attorney's sworn declaration is sufficient evidence that his or her hourly rate is reasonable within the relevant legal community, *especially* when that *rate* is unopposed." Doc. No. 28-1 at 6 (emphasis in original) (citing *MBNA America Bank, N.A. v. Gorman*, 54 Cal. Rptr. 3d 724, 733 (Cal. App. Dep't Super. Ct. 2006) ("[T]he moving party may satisfy its burden through its own affidavits, without additional evidence."). While Defendant correctly states the law on this issue, Defendant has not met its burden of demonstrating that the requested rates are reasonable *in the relevant market. See PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000), *as modified* (June 2, 2000) ("The reasonable hourly rate is that prevailing in the community for similar work."). Specifically, counsel stated that the proffered rates are "consistent with the billing rates in the legal community of Los Angeles County and with respect to this type of litigation." *See* Doc. Nos. 9-1 at 2; 9-2 at 3. Here, however, the relevant market is San Diego—not Los Angeles County. *See De La Riva Const., Inc. v. Marcon Eng'g, Inc.*, 2014 WL 794807, at *5 (S.D. Cal. Feb. 27, 2014) ("Because Plaintiff litigated this action in San Diego, the San Diego legal community is the relevant market . . . .").

Determining a reasonable rate in the local market is "one of the means of providing some objectivity to the process of determining reasonable attorney fees," which is "vital to the prestige of the bar and the courts." *Nichols v. City of Taft*, 66 Cal. Rptr. 3d 680, 687 (Cal. Ct. App. 2007) (internal quotation marks omitted). By failing to provide information demonstrating the requested rates are reasonable in San Diego, Defendant presented insufficient information for the Court to determine reasonable fees. *See Martino*, 182 Cal. App. 3d at 558 (noting that in the absence of "crucial information" including "the number of hours worked, billing rates, [and] types of issues dealt with . . .

the trial court is placed in the position of simply guessing at the actual value of the attorney's services. That practice is unacceptable and cannot be the basis for an award of fees."). Thus, the Court did not err in concluding Defendant failed to meet its burden of demonstrating the reasonableness of its fee award.

In its motion for reconsideration, Defendant argues for the first time that the Court may consider defense counsel's "home-market" rate where retaining counsel in San Diego would have been impractical or imprudent. Doc. No. 28-1 at 8-9. California courts recognize an exception in which a court may compensate out of town counsel at higher rates than local counsel where the plaintiff shows that local counsel was unavailable or impractical. *See Ctr. For Biological Diversity v. Cnty. of San Bernardino*, 115 Cal. Rptr. 3d 762, 772-75 (Cal. Ct. App. 2010). However, Defendant did not submit any evidence with its initial fee request of any good faith effort to retain local counsel. Moreover, a Rule 59 motion may not be used to raise new arguments or present evidence that could have been raised previously. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5. As such, the Court declines to consider this argument.

Finally, Defendants asks the Court to exercise its discretion in permitting Defendant to "rectify any deficiencies so that Defendant may recover its statutorily mandated fees" by considering Defendant's concurrently filed Second Request for Attorneys' Fees (Doc. No. 29). Doc. No. 28-1 at 11. However, a motion for reconsideration "is not a vehicle for . . . taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). Further, it is not this Court's practice to permit the moving party leave to amend its initial fee request. *See Uriarte v. Bostic*, 2017 WL 3387612, at *3 (S.D. Cal. Aug. 7, 2017) (denying the defendants' request for attorneys' fees for failure to provide sufficient information to calculate the applicable lodestar figure); *J&J Sports Prods., Inc. v. Brummell*, 2016 WL 3552039, at *1 (S.D. Cal. June 29, 2016) (noting the movant "has not met this burden and is therefore not entitled to an award of attorney's fees.").

In sum, Defendant did not provide adequate support for the requested attorneys' fees, and fails to set forth a proper ground for reconsideration.

## CONCLUSION

Having reviewed its previous ruling, the Court is satisfied that it committed no error. Defendant has not provided any newly discovered evidence. Additionally, there has been no intervening change in controlling law. Accordingly, the Court **DENIES** Defendant's motion for reconsideration. Because the Court denies Defendant's motion for reconsideration, the Court declines to address Defendant's second request for attorneys' fees (Doc. No. 29).

**IT IS SO ORDERED.**

Dated: August 9, 2017

HON. MICHAEL M. ANELLO
United States District Judge